UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

MORROBELCANELO,B,D.

V.

STATE OF RHODE ISLAND

ASHBEL T. WALL, DIRECTOR,

RHODE ISLAND DEPARTMENT OF

CORRECTIONAL INSTITUTIONS,

et al.

C.A.No. CA 06 178 T

CIVIL RIGHTS COMPLAINT

This is civil action filed pursuant to 42 USCA 1983 by the Plaintiff Morrobel Canelo, B.D., an inmate at the Rhode Island Department of Correctional Institutions, in Cranston, Rhode Island, alleging violations of his constitutional rights by the named Defendant(s). The Plaintiff is seeking declaratory judgment, compensatory and punitive damages and injunctive relief. The Plaintiff seeks trial by jury.

JURISDICTION

1. This is a civil rights action pursuant to 42 USCA 1983. This Court has jurisdiction under 28 USCA 1331 and 1343(3). The Plaintiff also invokes the pendent jurisdiction of this Court to decide and hear matters relating to state law, as well as claims relating to policies and practices of the Rhode Island Department of Correction Institutions.

PARTIES

2. The Plaintiff, Morrobel Canelo, B.D., is an incareerated inmate at the Rhode Island Department of Correctional Institution (s), in Cranston, Rhode Island. He is presently housed and classified to the Medium Security #1 Facility.

3. Defendant Ashbel T. Wall, is the Director of Department of Correctional Institutions, in Cranston, Rhode Island. He is sued in his official and individual capacity.

4. Defendant Jake Gadsden, is the Assistant Director of Dep-artment of Correctional Institutions, in Cranston, Rhode Island. He is sued in his official and individual capacity.

5.John Doe, Warden Intake Service Center of the Department of Correctional Institutions, in Cranston, Rhode Island. He is sued in his offical and individual capacity.

6. Correctional Officer Bell, is the Module Officer of the Intake Service Center of the Rhode Island Department of Correctional Institutions, in Cranston, Rhode Island. He is sued in his official and individual capacity.

7. John Doe, Nurse Medical Unit Intake Service Center of the Rhode Island Department of Correctional Institutions, in Cranston , Rhode Island. He is sued in his official and individual capacity.

FACTS

8. On March 23, 2003 Plaintiff was committed to the Adult Correctional Institutions (Intake Service Center). Plaintiff was assigned to the psychiatric ward for suicidal watch after a dramatic encounter Plaintiff had with gangmembers in South Side of Providence and Onlyville area of Providence, Rhode Island. The

Plaintiff was forced to repel in order to protect the lives of his children and, that of his own. Plaintiff was adversely reluctant to being moved to another cell, because, Plaintiff was still uneasy about the occurrence that took place that Saturday morning in a Providence street. Nevertheless, Plaintiff was moved (forced ) into a cell in I-Module Intake Service Center (RIDOC) in which Plaintiff shared with an already sentence inmate, which violated the Policies of the R.I.D.O.C., the sentenced inmate was Afro American, and with Plaintiff being Hispanic, Plaintiff truly felt it would only be a matter of time before the two had some type of conflict, which, places (RIDOC) in dereliction of duties by confining two incomparable inmates of different status and race, one sentenced and, one not sentenced into the same cell. Plaintiff was the inmate which made bail shortly there after. Clearly in violation of (RIDOC) Housing Policies. Plaintiff confirms that his right arm was set into a sling which also made him successively vulnerable to being insulted, harassed, biased, assaulted, embarrassed, and minipulated by other inmates and Staff of (RIDOC). Plaintiff also affirms that (RIDOC) was negligently accountable for confining Plaintiff to a cell with a well known gang member who was well affiliated within the (RIDOC). At the least the (RIDOC) Defendant(s) should of never confined a non-sentenced and sentence inmate housed in the same module, never mind same cell. This is a clear violation of the Code of Ethics and Department policies of (RIDOC). What transpired due to this violation is the injuries caused by the assault that was committed upon me. Plaintiff was injured upon entering the (RIDOC) and should of been in cell alone, or even hospital ward.

Plaintiff also contends that Defendant(s) was negligently accountable for confining Plaintiff to a cell with a known gang member of the East Side posse or, at the least, had a practical understanding, or, a familiar recognition of this sentenced inmates' aggressiveness towards other inmates, as, he wore a yellow-tag (SRG). As a reason for his aggressive hostility which created this aggression toward Plaintiff. He further attests that the medical portion and conditions he endured as for Plaintiff's arm being in a sling (right side) was inserted into Plaintiff's medical files at the time of Plaintiff's arrival and time of this incident, it perhaps warrants examination which is available and furnishable upon request pending it's elegibility. On several occasions, Plaintiff had asked Correctional Officer Bell, [Defendant], to please have Plaintiff moved because of Plaintiff's concern of the sentenced inmates uproarious behavior, and, this request made by the Plaintiff in front of him and Officer Bell, [Defendant], upsetted the sentenced inmate which lead to name calling such as "snitch". When all was said was that, the Plaintiff and the sentenced inmate were'nt getting along, in which Officer Bell, [Defendant] responded by insuring that he had no other place to put Plaintiff. Shortly thereafter, Plaintiff and sentence inmate got into a heated discord with one another, which, Plaintiff was able to defuse, but, left sentenced inmate discontent and disdained. Initially Plaintiff had left the cell for recreational purposes shortly after sentenced inmate exited toward the dayroom. As Plaintiff headed down the stairs, sentenced inmate became spitefully enraged, and, vengefully irate twords Plaintiff by sucker-punching (sneak-punching) the left side of Plaintiff's head causing swelling, rupturing inner ear-drum making it to bleed a dark-colored red.

Plaintiff explains that he immediately tried to shield his injured right arm which was reiteratedly forementioned as being in a sling at the time of the assault making it impossible for retaliation by Plaintiff. Officer Bell, [Defendant], came in with other Officers to transport Plaintiff and sentenced inmate to segregation on April 3, 2003. Upon Plaintiff's arrival to segregation, nurse John went in to treat the Plaintiff and after visual inspection of Plaintiff's head wound, Plaintiff recalls nurse John as saying (nurse John, Defendant), "it's alright, you'll be fine, you'll live". Plaintiff states that he desperately sought emergency treatment by a healthcare physician by asking nurse John, [Defendant], in which, he, [Defendant] replied. "That Plaintiff had to be seen by the disciplinary board first, and that, Plaintiff was booked (being diciplined for fighting, when he was assaulted) for fighting. Plaintiff states that he was found not guilty of fighting, After, Plaintiff went before the disciplinary board. The Plaintiff states that he has had ear-piercing ringing sensation almost leading to a loud whistle for several days after the incident, in connections with feelings of faint, and, nauseous and, is also having problems with his balance as a result of this assault, He also claims that the hearing on his left side has gradually descended into an ablivious state of discerning deafness, evidently suggesting a prominently obscured distinction, creating a hearing loss to Plaintiff's left inner-ear, which, there is evidential elements composing this matter, such as hospital records in regards to this issue, which, will be furnished upon request.

This experience has plunged the said Plaintiff into a deep mental state of depression, stress, and panic. It has left Plaintiff mentally scarred in amguish, and instability. Promoting emotional distress because of the negligently assaultive ordeal by the incomparably sentenced inmate, which caused an extremely extensive head injury accompanied by loss of hearing to left ear, and, cruel and unusual punishment (assault/segregation) with deliberate constrain under the duress of constraint. [Confinement and non-treatment] denied, is here the case of purposeful infliction of pain and suffering. There's also overwhelming evidence to prove this complaint (prison booking) amongst it's vast validity apart from some intergral sources of medical integrity via independent physicians local (prison) and, private regarding medical reports; MRI's, CAT/Scans, X-rays, Hearing test, and, device, to back this claim.Furthermore, the Plaintiff expresses a deep unnerving disturbance in his behavior on behalf of the horrible and terrible ordeal he has to endure for the rest of his natural life because of the behavioral nature and caliber of this sentenced inmate with rogue intentions to hurt, maim, or, disfigure, other inmates. Plaintiff has ample feelings for the (RIDOC) because his brother, a state of Rhode Island Correctional Officer has to be unbiased and amoral to Plaintiff's tactical means of outreach to a certain degree/extent. Animosities do exist in generating and cooperating in relevance to this claim by reasons of written expressions and adjurations which prayfully warrants a decision made by this Honorable Court. I'm astonishingly flabbergasted that I have subliminally entered into a state of limitless ambiguity due to the loss I've asserted in this fashion, it has imposed both a great impact, and, disbelief in my life. For I coherently proclaim this

complaint to be evidently based on factual matters and, truthful occurrences to the best of my recollection and ability.

## CLAIMS

### FIRST CAUSE OF ACTION

9. That the actions of all Defendant's within, as stated in paragraphs 1 through 8 of this complaint, violated the Eighth, Sixth, First, and Fourteenth, Amendments of the United States Constitution. Rights of the United States Constitution to protect prisoners from violence at the hands of other prisoners. Deliberate indifference to violent attacks, sexual assault and serious medical need is actionable.

10. That the actions of Defendant's herewithin as stated in paragraphs 1 through 8 of this complaint, violated Eighth Amendment protection against cruel and unusual punishment.

### SECOND CAUSE OF ACTION

11. That the actions of Defendant's herewithin as stated in paragraphs 1 through 8 of this complaint, violated state law and established policy at the Department of Corrections.

12. That the actions of Defendant's as stated in paragraphs 1 through 8 of this complaint, violated article I, Section 8 of the Rhode Island Constitution, Article XIV, Section of the Rhode Island Constitution.

### THIRD CAUSE OF ACTION

13. That the actions of Defendant's as stated in paragraphs 1 through 8 of this complaint, violated Plaintiff's Fourteenth Amendment Right to Due Process.

FOURTH CAUSE OF ACTION

14. That the actions of Defendant's as stated in paragraphs 1 through 8 of this complaint, violated Plaintiff's First Amendment Rights of religious freedom, both to an establishment as well as free exercise thereof.

FIFTH CAUSE OF ACTION

15. That the actions of Defendant's as stated in paragraphs 1 through 8 of this complaint, violated Plaintiff's Sixth Amendment Rights, right to counsel and fair trial. And Plaintiff's Fifth and Fourteenth Amendment Rigt of the United States Constitution.

SIXTH CAUSE OF ACTION

16. That the actions of Defendant's as stated in paragraphs 1 through 8 of this complaint, violated established policy and procedure at the Department of Corrections, as well as state law.

RELIEF

Wherefore, the Plaintiff request that this Honorable Court enter the following relief:

A. Issue Declaratory Relief against the named Defendant's stating that they did in fact violate the Plaintiff's right to be free of cruel and unusual punishment, isolation, segregation, multiple hours in shackles, Defendant's did conspire to cover up the dereliction of duties, and hide the assault.

B. Issue an injunction against the Defendant's ordering them

To comply with established procedures and policy in incidents that involve security and safety.defendant(s)are in dereliction of duties,submitted fabricated reports,and false interview statements,and have committed cruel&-unusual punishment upon plaintiff.

C.Grant compensatory damages in the amount of (90.00 dollars)for loss Wages while in isolation,segregation,and denied employment due to infraction of assault, to run retro-active to (4-3-'03) on compensatory damages. grant compensatory damage's for all medical payments to run retro-active to (6-7-'04) the day plaintiff started being charged for medical treatment after plaintiff was a victim of assault.grant compensatory damages for all medical cost to run retro-active to the day of (4-3-2003).

D. Grant punitive damages in the amount of (100,000.00 dollars) against each of the named defendant(s),et al.

E. Grant any and all other relief that the planitiff might be entitled to under the law.

I declare under penalty of perjury that the foregoing statement of claim in this complaint is true non-fictitious and correct to the best of my REMEMBRANCE.

Executed on this day of april-1st-(2006)

[signature]

Morrobelcanelo,B,D, PRO SE.